**SIGNED THIS: June 22, 2005**

_____
**GERALD D. FINES
UNITED STATES CHIEFBANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LOUIS D. BURRELL and | ) | Bankruptcy Case No. 89-91427 |
| E. JEAN BURRELL, | ) | |
| Debtors. | ) | |
| | ) | |
| LOUIS D. BURRELL and | ) | |
| E. JEAN BURRELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 02-9032 |
| | ) | |
| MARK FRECHETTE, in his official | ) | |
| capacity as KANKAKEE COUNTY | ) | |
| TREASURER, KANKAKEE COUNTY | ) | |
| COLLECTOR, and KANKAKEE | ) | |
| COUNTY TREASURER as Trustee of | ) | |
| the Indemnity Fund; ZION GATE | ) | |
| MISSIONARY BAPTIST CHURCH; | ) | |
| DENNIS BALLINGER; MIDWEST | ) | |
| LAND DEVELOPMENT | ) | |
| CORPORATION; and | ) | |
| RICHARD KURTH, | ) | |
| | ) | |
| Defendants. | ) | |
| and | | |
| LOUIS D. BURRELL and | ) | |
| E. JEAN BURRELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |

|  |  |
|---|---|
| vs. | ) Adversary Case No. 04-9025 |
|  | ) |
| TIG INSURANCE COMPANY, | ) |
|  | ) |
| Defendants. | ) |

OPINION

These matters having come before the Court on a Motions to Reconsider and/or to Amend Judgment filed by the Debtors; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On May 26, 2005, the Debtors filed a Motion to Reconsider and/or to Amend Judgment in both of the above-captioned adversary proceedings. The Motions were identical in text and contained the same prayer for relief.

In considering the Motion as filed in Adversary Case No. 02-9032, the Court finds that the Motion does not and cannot relate to any order entered in that proceeding. As such, the Motion to Reconsider and/or to Amend Judgment, as filed in Adversary Case No. 02-9032, must be denied.

The Motion filed in Adversary Case No. 04-9025, refers to two Orders of this Court: one allowing a default judgment in favor of TIG Insurance Company entered on February 28, 2005; and the other dismissing Adversary Case No. 04-9025, entered on May 18, 2005. It is clear from the text of the Motion and from the prayer for relief that the Debtors believe that the Orders entered in Adversary Case No. 04-9025, somehow preclude the Debtors from proceeding to seek judgment on the remaining Count in Adversary Case 02-9032. While the Debtors concern is understandable, it is misplaced. The Orders entered in Adversary Case No. 04-9025, solely served to relieve TIG Insurance Company from providing a defense for Defendant Kurth in Adversary Case No. 02-9032, and from indemnifying Defendant Kurth on any judgment that might be entered against him in Adversary Case No. 02-9032. The

Orders in Adversary Case No. 04-9025, did not extinguish the remaining Count against Defendant Kurth in Adversary Case No. 02-9032, and trial will be held in that matter on December 5, 2005, as previously scheduled.

Having clarified that the Orders entered in Adversary Case No. 04-9025 do not in any way affect Plaintiffs/Debtors' rights in Adversary Case No. 02-9032, the Court finds that the Motion to Reconsider and/or to Amend Judgment, as filed in Adversary Case No. 04-9025, should be denied on the grounds that it is untimely pursuant to Rule 9024, of the Federal Rules of Bankruptcy Procedure, as to this Court's default judgment Order entered on February 28, 2005. Furthermore, the Motion fails to state cause for relief as to this Court's Order dismissing Adversary Case No. 04-9025, on May 18, 2005.

###