**SIGNED THIS: August 31, 2005**

                                        **GERALD D. FINES**
                             **UNITED STATES CHIEFBANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LOUIS D. BURRELL and ) | Bankruptcy Case No. 89-91427 |
| E. JEAN BURRELL, ) | |
|         Debtors. ) | |
| ) | |
| LOUIS D. BURRELL and ) | |
| E. JEAN BURRELL, ) | |
| ) | |
|         Plaintiffs, ) | |
| ) | |
| vs. ) | Adversary Case No. 02-9032 |
| ) | |
| MARK FRECHETTE, in his official ) | |
| capacity as KANKAKEE COUNTY ) | |
| TREASURER, KANKAKEE COUNTY ) | |
| COLLECTOR, and KANKAKEE ) | |
| COUNTY TREASURER as Trustee of ) | |
| the Indemnity Fund; ZION GATE ) | |
| MISSIONARY BAPTIST CHURCH; ) | |
| DENNIS BALLINGER; MIDWEST ) | |
| LAND DEVELOPMENT ) | |
| CORPORATION; and ) | |
| RICHARD KURTH, ) | |
| ) | |
|         Defendants. ) | |
|     and | |
| LOUIS D. BURRELL and ) | |
| E. JEAN BURRELL, ) | |
| ) | |
|         Plaintiffs, ) | |
| ) | |

|  |  |
|---|---|
| vs. | ) Adversary Case No. 04-9025 |
|  | ) |
| TIG INSURANCE COMPANY, | ) |
|  | ) |
| Defendants. | ) |

## OPINION

This matter having come before the Court on a Motion for Correction of Opinion of June 22, 2005, filed by Richard F. Kurth; the Court, having heard arguments of counsel, having reviewed the record of the above-captioned adversary proceedings, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On June 22, 2005, this Court entered an Opinion and Order for the purpose of clarifying prior orders that had been entered on February 28, 2005, and, again, on May 18, 2005. In pertinent part, this Court's Opinion of June 22, 2005, stated:

> It is clear from the text of the Motion and from the prayer for relief that the Debtors believe that the Orders entered in Adversary Case No. 04-9025, somehow preclude the Debtors from proceeding to seek judgment on the remaining Count in Adversary Case 02-9032. While the Debtors concern is understandable, it is misplaced. The Orders entered in Adversary Case No. 04-9025, solely served to relieve TIG Insurance Company from providing a defense for Defendant Kurth in Adversary Case No. 02-9032, and from indemnifying Defendant Kurth on any judgment that might be entered against him in Adversary Case No. 02-9032. The Orders in Adversary Case No. 04-9025, did not extinguish the remaining Count against Defendant Kurth in Adversary Case No. 02-9032, and trial will be held in that matter . . . as previously scheduled.

Having reviewed the language in its Opinion of June 22, 2005, the Court understands the confusion expressed by Richard F. Kurth in his Motion for Correction of Opinion of June 22, 2005, which he filed on July 1, 2005. The Motion for Default Judgment which was granted in favor of TIG Insurance Company was granted only as to Debtors, Louis D. Burrell and E. Jean Burrell. Richard F. Kurth, as a defendant in the State Court proceeding, which was removed to this Court, was not, and could not have been defaulted. The record shows that Defendant, Richard F. Kurth, did file an answer to the TIG Insurance Company

2

Complaint for Declaratory Judgment on May 6, 2004, while the case was still in Vermilion County Circuit Court. The default judgment which was entered by this Court, on February 28, 2005, and reiterated on May 18, 2005, did not grant any relief against Richard F. Kurth. In fact, a review of this proceeding reveals that the issue between TIG Insurance Company and Richard F. Kurth has never been addressed on the merits. Evidently, TIG Insurance Company believed that it had obtained all the relief that it needed when it filed a Motion to Strike and Close Adversary Proceeding No. 04-9025. Since there were no objections to that motion, the Court allowed it, and the case was subsequently closed by virtue of the Order entered on May 18, 2005. While it is clear that the Debtors, Louis D. Burrell and E. Jean Burrell, no longer can look to TIG Insurance Company for relief, it is equally evident that there has been no dispositive ruling as to whether TIG Insurance Company is obligated to provide a defense for Richard F. Kurth as a Defendant in Adversary No. 02-9032, and, further, whether TIG Insurance Company would have to indemnify Richard F. Kurth in the event of a judgment against him in that adversary proceeding.

In conclusion, the Court finds that the Motion for Correction of Opinion of June 22, 2005, should be allowed to the extent that this Court must conclude that the issue of a defense and indemnification between TIG Insurance Company and Richard F. Kurth has not been addressed, nor has a dispositive ruling been made on that issue. This being the case, it is incumbent upon the parties to once again bring this issue before this Court, or the Circuit Court of Vermilion County, Illinois.

###